Arick W. Fudali, Esq. California Bar No. 296364
afudali@hermanlaw.com
3351 NW Boca Raton Boulevard
Boca Raton FL, 33431
Jeffrey M. Herman, Esq., Florida Bar No. 521647
(*pending application for the approval of pro hac vice admission*)
jherman@hermanlaw.com
Lee G. Cohen, Esq., Florida Bar No. 825670
(*pending application for the approval of pro hac vice admission*)
lcohen@hermanlaw.com [1]
Herman Law

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL F. EGAN, III | CASE NO: 2:14-cv-04840-RGK-JEM |
| Plaintiff, | MOTION TO WITHDRAW AS COUNSEL |
| v. | |
| JOHN DOE NO. 4, | |
| Defendant. | |

**<u>RENEWED MOTION TO WITHDRAW AS COUNSEL</u>**

ARICK W. FUDALI, and HERMAN LAW, (collectively, "PLAINTIFF'S COUNSEL") file this Motion to Withdraw as Counsel, pursuant to Local Rule 83 2.3.2 and give good cause as follows:

---

[1] Although attorneys Jeffrey M. Herman and Lee G. Cohen had intended on making formal application for pro hac vice admission, in light of the issues raised in this Motion, they have stayed doing so.

PLAINTIFF'S COUNSEL filed this lawsuit on behalf of MICHAEL F. EGAN, III (hereinafter "MR. EGAN") on June 23, 2014 [DE 1]. The Defendant has not yet been named and no summons has been issued or served. There are no motions pending or hearings set.

Since the filing of this lawsuit, the relationship between PLAINTIFF'S COUNSEL and MR. EGAN has deteriorated, and conflicts of interest between PLAINTIFF'S COUNSEL and MR. EGAN have arisen, to the point that in the opinion of PLAINTIFF'S COUNSEL, they cannot and should not continue to represent MR. EGAN in light of California RPC 3-700(B) and/or (C),[2] which applies to lawyers appearing in this Court pursuant to Local Rule 83-3.1.2.[3]

---

[2] California RPC 3-700(B), Mandatory Withdrawal, provides that:

> A member representing a client before a tribunal shall withdraw from employment with the permission of the tribunal, if required by its rules, and a member representing a client in other matters shall withdraw from employment, if:
> (1) The member knows or should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person; or
> (2) The member knows or should know that continued employment will result in violation of these rules or of the State Bar Act; or
> (3) The member's mental or physical condition renders it unreasonably difficult to carry out the employment effectively.

California RPC 3-700(C), Permissive Withdrawal, provides that:

> If rule 3-700(B) is not applicable, a member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:
> (1) The client
> ***
> (d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, ***."

Pursuant to PLAINTIFF'S COUNSEL's obligations of confidentiality to MR. EGAN under Cal. B&P Code §6068(e), PLAINTIFF'S COUNSEL cannot provide a complete explanation of the reasons for their conclusions. *See Vesta Strategies, LLC v. Estupinian*, 2009 WL 793741 (N.D. Cal. 2009). Nonetheless, PLAINTIFF'S COUNSEL note that MR. EGAN has recently appointed other counsel who have terminated PLAINTIFF'S COUNSEL from a portion of this matter and that MR. EGAN and Jeff Herman, who had been expected to be lead trial counsel in this case, have been named as codefendants in a malicious prosecution case filed in United States District Court for the District of Hawaii. *See Garth Ancier v. Michael F. Egan, III, Jeffrey M. Herman and Mark F. Gallagher*, Case No. CV14-00294JMS-RLP.  "[A]n irreparable breakdown of the working relationship between counsel and client" is one of the well-recognized bases for withdrawal. *Manfredi & Levine v. Superior Court*, 66 Cal. App. 4th 1128, 1135, 78 Cal. Rptr. 2d 494 (1998).

"Where, as here, the duty not to reveal confidences prevented counsel from further disclosure and the court accepted the good faith of counsel's representations, the court should find the conflict sufficiently established and permit withdrawal." *Aceves v. Superior Court*, 51 Cal. App. 4th 584, 592, 59 Cal. Rptr. 2d 280 (1996).  Nonetheless, and if this Court so requires, PLAINTIFF'S COUNSEL will provide further information in support of this motion under seal.

The recently retained other counsel for MR. EGAN have informed PLAINTIFF'S COUNSEL that even though recent counsel have taken over some responsibilities for MR. EGAN, they refuse to be substituted in as replacement counsel and demand instead that PLAINTIFF'S COUNSEL continue to litigate the matter. PLAINTIFF'S COUNSEL provided a draft of this motion to the other recent counsel for MR. EGAN prior to filing this motion and is serving a copy of this motion on that counsel and MR. EGAN contemporaneously with its filing. This is intended to give MR. EGAN and any counsel he may choose an opportunity to be heard on the motion.

The withdrawal of counsel in this case will not unduly prejudice MR. EGAN or delay the matter. Pursuant to the procedural requirements of Cal. Civ. Code §340.1, there has been no summons issued, the Court has not yet ruled upon the Certificates of Merit, counsel for Defendant has not made an official appearance, and no hearing dates have been set.

A Declaration of Lee Gill Cohen in support of this Motion is attached hereto as Exhibit "A."

WHEREFORE, PLAINTIFF'S COUNSEL pray that the above suffices as good cause in accordance with Local Rule 83-2.3.2, that this Honorable Court grant PLAINTIFF'S COUNSEL's Motion to Withdraw as Counsel.

Dated: July 31, 2014.

By: /s/ Arick Fudali
Arick W. Fudali, Esq.
California Bar No. 296364
afudali@hermanlaw.com
Jeffrey M. Herman
(*pending application for the approval of pro hac vice admission*)
Florida Bar No. 521647
jherman@hermanlaw.com
Lee G. Cohen
(*pending application for the approval of pro hac vice admission*)
Florida Bar No. 825670
lcohen@hermanlaw.com
Herman Law
3351 NW Boca Raton Boulevard
Boca Raton FL, 33431
Tel: 305-931-2200
Fax: 305-931-0877
www.hermanlaw.com

Attorneys for the Plaintiff